IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN A. MORTON, | ) |
| | ) Civil Action No. 14-387 |
| Plaintiff, | ) |
| | ) District Judge Donetta W. Ambrose |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ECF No. 3 |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

## INTRODUCTION

Plaintiff, Justin A. Morton ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 405(g). Plaintiff seeks judicial review of the final decision of the denial of disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. § 401-433, 1381-1383f. For the reasons that follow, the Motion to Dismiss filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant" or "Commissioner"), (ECF No. 3) will be denied.

## PROCEDURAL HISTORY

Plaintiff applied for DIB and SSI under Titles II and XVI of the Social Security Act on October 20, 2010. (ECF No. 4-1 at 8.) The applications were denied initially on March 11, 2011. (*Id.*) After a hearing, an administrative law judge ("ALJ") issued a decision denying benefits on March 28, 2012. (ECF No. 4-1 at 18.) Plaintiff requested an Appeals Council review of the ALJ's decision and the Appeals Council mailed its denial notice to Plaintiff and his attorney on

August 14, 2013. (ECF No. 4-1 at 24-26.) The notice further informed Plaintiff that he needed to commence a civil action within 60 days from the date of the decision of the Appeals Council, or by October 18, 2013.[1] (ECF No. 4-1 at 25.)

Plaintiff initiated this civil action in the United States District Court for the Western District of Pennsylvania on March 24, 2014, more than five months after the time for commencing a civil suit had expired. (ECF No. 1.) No extension of time appears to have been requested by Plaintiff or his counsel, nor granted by the Appeals Council. (ECF No. 4-1 at 3-4.)

The Commissioner filed the instant Motion to Dismiss on May 16, 2014. Defendant contends that this action is barred by the statute of limitations applicable to civil actions commenced under the Act, and that there are no circumstances to justify equitable tolling of the 60-day limitations period.[2] (ECF No. 4 at 2-4.) Plaintiff responded to the Motion on July 7, 2014. (ECF No. 8.) The Motion is now ripe for disposition.

## ANALYSIS

Section 405(g) of the Act states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). This statutory language was implemented by the promulgation of 20 C.F.R. § 422.210. The relevant portions of § 422.210 provide:

---

[1] The notice from the Appeals Council indicated that the 60 days starts to run the day after receipt of the notice, with the assumption that the notice is received five days after the date of the notice. (ECF No. 4-1 at 25.)

[2] Although Federal Rule of Civil Procedure 8(c)(1) classifies a statute of limitations defense as an affirmative defense that must be raised in an answer, the United States Court of Appeals for the Third Circuit permits a defendant to raise the defense by motion where "'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

> § 422.210 Judicial Review
> (a) *General.* A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.
>
> * * *
>
> (c) *Time for instituting civil action.* Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(a), (c).

Defendant argues that Plaintiff's civil action is barred by the 60-day limitations period provided for in the Act. In response, Plaintiff does not dispute the untimely filing, but asserts that circumstances leading to the late filing justify an equitable tolling of the 60-day filing requirement.

The United States Supreme Court, in *Bowen v. City of New York,* 476 U.S. 467, 478 (1986), stated that the 60-day requirement is not jurisdictional, but a statute of limitations. Further, the Court in *Bowen* concluded that the 60-day statute of limitations of § 405(g) was subject to equitable tolling. *Id.* at 479-80.

While 20 C.F.R. § 422.210(c) grants exclusive statutory authority to the Commissioner to grant an extension to the limitations period, cases exist "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen,* 476 U.S. at 480 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976)). In

3

circumstances, as in the instant case, where the plaintiff has missed the filing deadline, three principal bases for applying the doctrine of equitable tolling exist: "'(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran, & Berman,* 38 F.3d 1380, 1387 (3d Cir. 1994)).

Plaintiff's response appears to invoke the second theory for tolling the limitations period, that is, that in some extraordinary way, he was prevented from asserting his rights. Plaintiff makes no claims that Defendant misled him in any way, or that he timely asserted his rights in the wrong forum.

Defendant acknowledges that the Appeals Council notice sent to Plaintiff was returned as undeliverable. (ECF No. 4 at 1.) Defendant contends, however, that there is no evidence that the notice was undeliverable to Plaintiff's attorney, or that Plaintiff requested an extension of the time to commence a civil action. (*Id.* at 2.)

In response, Plaintiff's attorney submitted an affirmation describing attempts to determine the status of Plaintiff's Appeals Council review. (ECF No. 8-1.) First, on April 6, 2012, Plaintiff's counsel mailed a request for review of the ALJ's March 28, 2012 denial with the Appeals Council. On May 3, 2012, a legal assistant for Plaintiff's counsel called the Appeals Council, which confirmed that Plaintiff's request for review was still pending. On August 2, 2013, Plaintiff's counsel, with permission from the Appeals Council, filed a brief with the Appeals Council. On January 29, 2014, a representative from Plaintiff's counsel called the Appeals Council and was informed that it had denied the request for review on August 14, 2013,

that it had mailed a copy to the claimant and counsel's office, and that if counsel wanted a copy, counsel needed to make a written request. That same day, counsel faxed a letter to the Appeals Council requesting a copy. No copy was forthcoming, so counsel again faxed a request to the Appeals Council on February 12, 2014. On March 10, 2014, Plaintiff's counsel finally received a copy of the Appeals Council denial notice.

Affirmations submitted by Plaintiff also describe the standardized mail processing procedures utilized in the law offices of Kenneth Hiller, Plaintiff's counsel. (ECF Nos. 8-1, 8-5, 8-6.) According to these affirmations, all mailings received at the law office are digitally catalogued and recorded in client files before being delivered in hard copy to the case manager responsible for that client's file. (ECF No. 8-1 at 2.) There is simply no record of the office receiving the Appeals Council notice. (*Id.*; ECF No. 8-6.)

The mailbox-rule is not absolute. Proof of mailing raises the presumption of receipt which can be refuted with the presentation of credible evidence that the mailing was not, in fact, received. *Lupyan v. Corinthian Colleges, Inc.*, No. 13-1843, 2014 WL 3824309, at *4 (3d Cir. Aug. 5, 2014) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)). The Third Circuit Court of Appeals, in *Lupyan*, found that given "the ease with which a letter can be certified, tracked, or proof of receipt obtained," the presumption of receipt of regular mail, "is not sufficient to establish receipt as a matter of law." *Lupyan.*, 2014 WL 3824309, at *4. Once a party proves a mailing, however, it is the burden of the opposing party to provide evidence refuting receipt. *Lupyan*, 2014 WL 3824309, at *5 (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 287 (3d Cir. 2006)). Federal Rule of Evidence 301 provides that "the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption." According to the Third Circuit, "evidence sufficient to nullify the presumption of receipt under

the mailbox rule may consist solely of the addressee's positive denial of receipt." *Lupyan,* 2014 WL 3824309, at *6. Moreover, commercial or legal entities which have routine business practices to log incoming mail may use the absence of an entry in the mail log, near the time when that mail would likely have arrived, to rebut receipt of the mailing. *Lupyan,* 2014 WL 3824309 at *6.

Defendant concedes that Plaintiff did not receive the Appeals Council notice directly, because it was returned as undeliverable. Plaintiff's counsel, however, must prove a negative, which the law has long recognized as a practically impossible endeavor. *Lupyan,* 2014 WL 3824309 at *6. Plaintiff's counsel has provided affirmations and other substantiating documents to show an absence of an entry in the firm's mail system around the time of presumed receipt of the Appeals Council notice. It appears that Plaintiff's counsel acted with due diligence and good faith on behalf of the Plaintiff, attempting to the best of his ability to preserve his client's right to file a timely civil action. We do not presume that the United States Postal Service has achieved perfection. It appears that a convergence of circumstances outside the control of either party prevented the Plaintiff from exercising his rights in a timely manner. The Court finds that, given the rebuttal evidence provided, the presumption of receipt of the Appeals Council notice by Plaintiff's counsel is destroyed. That is, pursuant to 20 C.F.R. § 422.21(c), Plaintiff has made a reasonable showing that notice of the Appeals Council denial was not received five (5) days after the date of the notice, but on January 29, 2014. Plaintiff then filed his civil action within 60 days of receipt of this actual notice. To prevent an injustice, the Court finds that the doctrine of equitable tolling applies. Defendant's Motion will be denied.

6

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 3) will be denied. An appropriate order will follow.

DATED: October 16, 2014

BY THE COURT

DONETTA W. AMBROSE
United States District Judge

cc: All Counsel of Record
via Electronic Mail

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN A. MORTON,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | Civil Action No. 14-387<br><br>District Judge Donetta W. Ambrose<br><br>Re: ECF No. 3 |

ORDER

And now, this 16th day of October, 2014, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss at ECF No. 3 is **DENIED**. Plaintiff's Motion for Summary Judgment is due November 17, 2014. Defendant's Motion for Summary Judgment is due December 17, 2014. The parties must comply with Chambers' Rules regarding length of briefs. Noncompliant briefs will be stricken.

BY THE COURT:

*/s/ Donetta W. Ambrose*
DONETTA W. AMBROSE
United States Senior District Judge